# EXHIBIT A-2

FILED
9/27/2022 5:37 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Laura Castillo
Bexar County - 37th District Court

NO. 2022CI19065

| | | |
|---|---|---|
| WF EXOTICS, LLC<br>Plaintiff, | § § § | IN THE DISTRICT COURT |
| V. | § § | _____ JUDICIAL DISTRICT |
| WILDLIFE WORLD ZOO, INC.<br>Defendant. | § § § | OF BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW WF Exotics, LLC, hereinafter called Plaintiff, complaining of and about Wildlife World Zoo, Inc., hereinafter called Defendant, and for cause of action would respectfully show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff intends that discovery be conducted under Discovery Level 3.

### PARTIES AND SERVICE

2. Plaintiff, WF Exotics, LLC, is a Texas Domestic Limited Liability Company with its principal place of business in Helotes, Bexar County, Texas. As a duly formed limited liability company, Plaintiff has neither a driver's license nor a a social security number.

3. Defendant Wildlife World Zoo, Inc., a Nonresident Corporation, registered in the State of Arizona as a "FOR-PROFIT (BUSINESS) CORPORATION", does not maintain a regular place of business or a designated agent for service of process in this State. This lawsuit arises out of the business done in this state and to which said Defendant is a party. Therefore, under Section 17.044 of the Texas Civil Practice and Remedies Code, substituted service on Defendant should be made by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079, and forwarded to

Defendant's home or home office at 16501 W. Northern Ave., Litchfield Park, Arizona 85340. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

## JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

6. This court has jurisdiction over Defendant Wildlife World Zoo, Inc., because said Defendant purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant, and the assumption of jurisdiction over Wildlife World Zoo, Inc. will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

7. Plaintiff would show that Defendant Wildlife World Zoo, Inc. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant.

8. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant Wildlife World Zoo, Inc. to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendant.

9. Furthermore, Plaintiff would show that Defendant Wildlife World Zoo, Inc. engaged in activities constituting business in the State of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

10. Venue in Bexar County is proper in this cause pursuant to Section 17.56 of the Texas Business and Commerce Code and Section 15.002(d) of the Texas Civil Practice & Remedies Code.

## FACTS

11. On April 6, 2022, Defendant Worldwide Wildlife Zoo, Inc. offered to sell Plaintiff two giraffes for a total amount of $290,000, and Plaintiff accepted. On April 13, 2022, Plaintiff requested pictures of the giraffes from Defendant, and on April 18, 2022, Defendant sent pictures to Plaintiff. Relying upon Defendant's agreement and promises, Plaintiff negotiated a sale of the two giraffes to another Texas resident (Michael Dokupil) on May 4, 2022 for $375,000; thus, Plaintiff expected some $85,000 minus transportation expenses in subsequent profit from this transaction with Defendant. Plaintiff and Defendant agreed that the exchange of the giraffes would occur between May 30, 2022 and June 1, 2022. To effectuate the sale, Defendant sent a Standard of Veterinary Inspection ("health inspection") to the Texas Animal Health Commission. At all times relevant, Plaintiff was ready and willing to close the sale.

12. On May 26, 2022, Defendant indicated to Plaintiff that it would not go forward with the sale of the giraffes to Plaintiff, and on June 1, 2022, Plaintiff learned that another Texas resident, Brian Gilroy, and his company Wildlife Partners, LLC (a Texas Domestic Limited Liability Company), had just offered to sell Dokupil the same giraffes for $425,000. Upon further investigation, Plaintiff learned that Defendant was backing out of the deal with Plaintiff to sell the giraffes to Gilroy and Wildlife Partners, LLC.

13. Defendant stated that the reason it had backed out of the deal with Plaintiff was because Plaintiff did not have a "USDA number" and represented that a USDA number is required for transfers of giraffes. Of course, this claim was false, misleading, and fraudulent.

## DECEPTIVE TRADE PRACTICES

14. Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

15. <u>Unconscionable Action or Course of Action</u>. Defendant engaged in an "unconscionable action or course of action" to the detriment of Plaintiff as that term is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree.

16. <u>Violations of Section 17.46(b)</u>. Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

    (a)    failed to disclose information concerning goods or services which was known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed and

    (b)    disparaged the goods, services, or business of another by false or misleading representation of facts.

17. <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described above and hereinbelow.

18. <u>Reliance</u>. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

19. <u>Written Notice Given</u>. Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter dated June 10, 2022, and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## COMMON LAW FRAUD

20. Plaintiff further shows that Defendant made material false representations to Plaintiff with the knowledge of their falsity or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff, and that Plaintiff relied on these representations to its detriment.

21. Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transaction made the basis of this suit by such concealment or failure to disclose.

22. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow.

## BREACH OF CONTRACT

23. Plaintiff would further show that the actions and/or omissions of Defendant described hereinabove constitute breach of contract, which proximately caused the direct and consequential damages of Plaintiff described hereinbelow, and for which Plaintiff hereby sues.

## ECONOMIC AND ACTUAL DAMAGES

24. Plaintiff sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described hereinabove:

    (a) Lost profits.

    (b) Loss of the "benefit of the bargain."

## MULTIPLE DAMAGES

25. Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

26. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiff act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness.

27. Therefore, Plaintiff is entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

28. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

29.  Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: Section 17.50(d) of the Texas Business and Commerce Code; Chapter 38 of the Texas Civil Practice and Remedies Code; and/or under any other applicable law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, WF Exotics, LLC, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for the economic and actual damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

Shipp Ecke, PLLC

By: /s/ Joseph R. Ecke
Joseph R. Ecke
Texas Bar No. 24082946
Email: joe@sepc-law.com
1718 San Pedro Ave.
San Antonio, Texas 78212
Tel. (210) 787-3800
Fax. (210) 775-6490

-and-

Kathleen A. Hurren
Texas Bar No. 10313100
1718 San Pedro Ave.
San Antonio, Texas 78212
Tel. (210) 341-6974
Email: kathleen@hurrenlaw.com

Attorneys for Plaintiff
WF Exotics, LLC

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**