**EXHIBIT A-6**

CAUSE NO. 2022CI19065

| | | |
|---|---|---|
| WF EXOTICS, LLC<br>Plaintiff | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | § | 37TH JUDICIAL DISTRICT |
| | § | |
| WILDLIFE WORLD ZOO, INC.<br>Defendant | §<br>§<br>§ | BEXAR COUNTY, TEXAS |

### WILDLIFE WORLD ZOO, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now Defendant WILDLIFE WORLD ZOO, INC. ("WWZ") and files its Original Answer to Plaintiff's Original Petition. WWZ respectfully shows as follows:

### I.
### GENERAL DENIAL

WWZ generally denies each and every material allegation contained in Plaintiff's Original Petition and demands strict proof thereof, and to the extent that such matters are questions of fact, says that Plaintiff should prove such facts by a preponderance of the evidence, clear and convincing evidence, or such other evidence as the law may require, and upon this denial, demands a trial of all issues before a jury.

### II.
### AFFIRMATIVE DEFENSES

#### FIRST DEFENSE

As a separate and alternative affirmative defense, if Plaintiff was injured and damaged as alleged, which is specifically denied, then any recovery it may have against WWZ for such injuries

164918

must be proportionately reduced in accordance with the fault of Plaintiff, consistent with the principles of comparative fault in force in this jurisdiction.

### SECOND DEFENSE

As a separate and alternative affirmative defense, WWZ pleads its entitlement to have the jury consider the percentage of fault of all claimants, responsible third parties, and settling persons as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq*. In accordance with this section, WWZ may not be held jointly and severally liable for any amount of damages herein, *unless* the percentage of responsibility of each defendant, when compared with that of each responsible third party and each settling party is greater than fifty percent (50%). TEXAS CIVIL PRACTICE & REMEDIES CODE § 33.001 *et seq*.

### THIRD DEFENSE

As a separate and alternative affirmative defense, WWZ maintains Plaintiff's claim for exemplary damages is subject to the restrictions found in Texas Civil Practice & Remedies Code § 41.001, *et seq*. TEX. CIV. PRAC. & REM. CODE § 41.001, *et seq*.

### FOURTH DEFENSE

As a separate and alternative affirmative defense, WWZ states the imposition of punitive or exemplary damages against it in this cause would be fundamentally unfair and would violate the Constitution of the United States and the Constitution of the State of Texas in the following respects:

   a. Due process requires proof of gross negligence and exemplary damages by a standard greater than "the preponderance of the evidence" standard. Due process requires proof of such claims at least by a clear and convincing standard of proof.

   b. The assessment of exemplary damages, a remedy that is essentially criminal in nature, constitutes infliction of a criminal penalty without the safeguards greater

2

164918

than that afforded by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution.

c. Assessment of the amount of exemplary damages must be in accordance with constitutional limitations. These constitutional limitations, as recognized by the United States Supreme Court, are not adequately imposed by Texas statutes. Any award of exemplary or punitive damages that is disproportionate to the award of compensatory damages (if any) is unconstitutional under the Fifth, Eighth and Fourteenth Amendments.

d. Exemplary damages under Texas procedure and law constitute an excessive fine and violate the Eighth Amendment of the Constitution of the United States.

e. Any award of exemplary damages under Texas law done without bifurcating the trial, and trying all exemplary damages issues only if and after liability on the merits has been found, would violate a defendant's due process right guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution, and would be improper under common law and the public policies of the State of Texas.

f. An award of exemplary damages under Texas law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness and the appropriate size of an exemplary damage award; (2) is not adequately instructed on the limits of exemplary damages imposed by Texas law and well-defined principles of deterrence and punishment; and (3) is not expressly prohibited from awarding exemplary damages, in whole or in part, on the basis of discriminatory characteristics, including the wealth and corporate status of a defendant; would violate a defendant's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Texas Constitution and would be improper under common law and public policies of the State of Texas.

g. Due process does not permit a court to calculate punitive damages based on other persons' claims or hypothetical claims against a defendant under the guise of culpability or reprehensibility analysis. An award of punitive or exemplary damages may not be based on any consideration of any wrong other than the alleged wrong done to Plaintiff.

h. Any analysis of a defendant's conduct for the purpose of determining punitive or exemplary damages must also take into account the nature and amount, if any, of monetary criminal penalties that would be applicable to the alleged conduct under enactments by the Legislature of Texas or the United States Congress and its authorized agencies.

164918

i. Any assessment of punitive or exemplary damages based on evidence of the wealth or size of a defendant is a violation of Due Process and Equal Protection.

## III.
## JURY DEMAND

Pursuant to the provisions of TEXAS RULE OF CIVIL PROCEDURE 216, WWZ formally makes this demand for a jury trial in this litigation and tenders the appropriate jury fee.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant, WILDLIFE WORLD ZOO, INC., respectfully requests Plaintiff has and recovers nothing from WWZ, and that WWZ recover all its costs. WWZ further requests such further relief to which it may show itself justly entitled either in law or equity.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
(210) 477-7401 [Direct]
Email: dprichard@prichardyoungllp.com

A. Nikki Vega
State Bar No. 24115901
(210) 477-7423 [Direct]
Email: nvega@prichardyoungllp.com

PRICHARD YOUNG LLP
10101 Reunion Place, Suite 600
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

**ATTORNEYS FOR DEFENDANT
WILDLIFE WORLD ZOO, INC.**

## CERTIFICATE OF SERVICE

I certify that on the **10th** day of **November 2022**, I hereby certify that I have served all counsel of record in a manner authorized by the Texas Rule of Civil Procedure.

Joseph R. Ecke
Shipp Ecke, PLLC
joe@sepc-law.com
1718 San Pedro Ave.
San Antonio, TX 78212

-and-

Kathleen A. Hurren
Kathleen A. Hurren Law Offices
1718 San Pedro Ave.
San Antonio, TX 78212
kathleen@hurrenlaw.com

*Counsel for Plaintiff*

/s/ David M. Prichard
David M. Prichard

5

164918